## Kijak v. DeTurck, Appellant.

Argued November 10, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*C. H. Ruhl,* for appellant.

*Ralph C. Body,* and with him *Stevens & Lee,* for appellee.

OPINION BY LINN, J., January 28, 1932:

Plaintiff, a farmer, bought a cow from defendant, a cattle dealer. Plaintiff averred, and offered evidence to support the averment, that one of the terms of sale was "that if the said cow upon being tested within 60 days for tuberculosis, would react to said test," defendant would return the purchase price and take back the cow. He offered evidence of the test; that the cow reacted; that he offered to return her; that defendant accepted the rescission but subsequently repudiated it. Plaintiff showed that the cow was condemned and slaughtered as required by law and claimed the difference between what he paid and what he received for her.

Defendant denied some of the details so testified to by plaintiff and his witnesses, and produced evidence of the contract as he understood it. His position was that if the cow reacted at a 72 hour reading after an interdermal injection he would take her back, the cow meanwhile to be kept separate and apart from other cattle; that the cow passed the test and that plaintiff did not keep her separate from other cattle.

Such direct contradiction could only be resolved by the jury. There was evidence that at 72 hours after the injection, there was no sign of reaction, but that thereafter—"on the 144th hour," there was, in the language of the witness Dr. Kohler, Jr., "typical tuberculin reaction." The doctor reported the result of this test to the proper authorities and condemnation followed. There is evidence to support the conclusion that the second examination of the cow made on the 144th hour is' within the meaning of the test specified; this therefore, necessarily became a question for the jury.

Appellant presents three questions involved, and to those we limit our review. Each overlooks the fact that there was a dispute in the evidence as to what the contract was, and assumes that the contract was in accordance with appellant's contention. It is obvious from what has been said, that those questions do not arise on the record, but could only be predicated on undisputed evidence supporting defendant's understanding of the terms of sale. A direction to find for defendant would have been wrong.

The opinion of the learned trial judge filed below in disposing of defendant's motion for a new trial and for judgment n. o. v. covered every aspect of the case fully.

Judgment affirmed.